Filed 6/17/24  P. v. Sewell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099947 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE018384) |
| v. | |
| RORY DUANE SEWELL, | |
| Defendant and Appellant. | |

Defendant Rory Duane Sewell appeals the trial court's denial of his petition for resentencing, purportedly under Penal Code sections 1170, 1171, 1172, and Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719).[1]  His appellate counsel filed a brief raising no arguable issues under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and asked this court to review the record and determine whether there are any arguable issues on appeal.  We will affirm.

---

[1] Undesignated statutory references are to the Penal Code.

## I. BACKGROUND

In November 2022, defendant possessed a 9-millimeter high capacity magazine and multiple rounds of ammunition. He was prohibited from possessing the items because he was convicted in 2021 of felony making criminal threats (§ 422).

In March 2023, defendant pled no contest to unlawfully possessing ammunition. (§ 30305, subd. (a)(1).) He also admitted a prior strike. (§§ 667, subds. (b)-(j), 1170.12.) The parties stipulated to a 32-month prison sentence (the low term of 16 months doubled due to the strike), and the trial court sentenced him accordingly. The court also imposed a $300 restitution fine (§ 1202.4, subd. (b)) and a corresponding $300 parole revocation fine (suspended unless parole is revoked) (§ 1202.45). There is nothing in the record indicating defendant appealed from the March 2023 judgment.

In June 2023, defendant filed a pro per petition for resentencing, citing sections 1170, 1171, 1172, and requesting relief under Assembly Bill Nos. 124, 256, 333, 1540 (2021-2022 Reg. Sess.), and Senate Bill Nos. 73, 81, 483, 567, 775 (2021-2022 Reg. Sess.).

In October 2023, the trial court denied defendant's petition because section 1172.1 does not confer standing on a defendant to initiate a motion to recall a sentence. Similarly, section 1172.75 does not permit a defendant to directly file a motion for resentencing. Regardless, reasoned the court, even if it had jurisdiction to consider resentencing, it did not appear that any of the enhancements that were made invalid by Senate Bill No. 483 were applied in defendant's case. Defendant timely appealed from the October 2023 order.

## II. DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

2

More than 30 days have elapsed, and we have received no communication from defendant.

In appeals from denial of postconviction relief, as here, the appellate court may conduct independent *Wende* review in its discretion. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 230-232.) We will conduct such a review here because appointed counsel failed to mention *Delgadillo* to defendant, making it possible defendant could have concluded that this court would conduct an independent review of the record, even absent a supplemental brief. (See *id.* at p. 233.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

### III. DISPOSITION

The judgment is affirmed.


/S/

RENNER, J.


We concur:


/S/

MAURO, Acting P. J.


/S/

KRAUSE, J.

3